(Rev. 5/05)

**FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

(1) Donald F. Bass _____
(Name of Plaintiff)     (Inmate Number)

_____
(Complete Address with zip code)

(2) _____
(Name of Plaintiff)     (Inmate Number)

_____
(Complete Address with zip code)

(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

vs.

(1) Thomas Carroll _____
(2) Pieccer _____
(3) Betty Burris _____
(Names of Defendants)

(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

07-25
(Case Number)
(to be assigned by U.S. District Court)

**CIVIL COMPLAINT**

FILED
JAN 12 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

RN   IFP

**I.   PREVIOUS LAWSUITS**

A.   If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

_____
_____
_____
_____
_____

Defendants

4. David Holman
5. Burton
6. Rider
7. Welcome
8. Profaci
9. Lise Merson
10. Carter
11. Glick
12. Debbie Scott
13. Jordan
14. Gavin
15. Passley
16. White
17. Canon

II. **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A. Is there a prisoner grievance procedure available at your present institution?  ✓ Yes  · · No

B. Have you fully exhausted your available administrative remedies regarding each of your present claims?  · · Yes  ✓ No

C. If your answer to "B" is <u>Yes</u>:

    1. What steps did you take? _____

    2. What was the result? _____

D. If your answer to "B" is <u>No</u>, explain why not: To prevent the continuous disregard for my health and safety

III. **DEFENDANTS** (in order listed on the caption)

(1) Name of first defendant: Thomas Carroll
Employed as Warden at Delaware Correctional Center
Mailing address with zip code: 1181 Paddock Road, Smyrna, Del 19977

(2) Name of second defendant: Piercer
Employed as Dep. Warden at Delaware Correctional Center
Mailing address with zip code: 1181 Paddock Road, Smyrna, Del 19977

(3) Name of third defendant: Betty Burris
Employed as Dep. Warden at ~~1181 Paddock Road~~ D.C.C
Mailing address with zip code: 1181 Paddock Road, Smyrna, Del 1181

(List any additional defendants, their employment, and addresses with zip codes, on extra sheets if necessary)

2

Defendant's in Order

4.) Name: David Holman, Employed as: Security chief at Delaware Correctional Center, mailing address: 1181 Paddock Road, Smyrna Del 19977,

5.) Name: Burton, Employed as: Capt, at Delaware Correctional center, Mailing address: 1181 Paddock Road, Smyrna Del 19977,

6.) name: Rider, Employed as: Lt, at Delaware correctional center, Mailing address: 1181 Paddock Road, Smyrna Del 19977,

7.) name: Welcome, Employed as: Lt, at Delaware Correctional Center, Mailing address: 1181 Paddock Road, Smyrna Del 19977,

8.) Name: Profaci, Employed as: S/Lt, at Delaware Correctional center, Mailing address: 1181 Paddock Road, Smyrna Del 19977,

9.) Name: Lise Merson, Employed as: I.G.C. Cpl., at Delaware Correctional Center, Mailing address: 1181 Paddock Road, Smyrna Del 19977,

10.) Name: Carter, Employed as: Sgt, at Delaware Correctional Center, Mailing address: 1181 Paddock Road, Smyrna Del 19977,

11.) Name: Glick, Employed as: Sgt, at Delaware Correctional Center, Mailing address: 1181 Paddock Road, Smyrna Del 19977,

12.) Name: Debbie Scott, Employed as: C/o, at Delaware Correctional Center, Mailing address: 1181 Paddock Road, Smyrna Del 19977,

13.) Name: Jordan: Employed as: C/o, at Delaware Correctional Center, mailing address: 1181 Paddock Road, Smyrna Del 19977,

14.) Name: Gavin, Employed as: C/o, at Delaware Correctional Center, mailing address: 1181 Paddock Road, Smyrna Del 19977,

15.) Name: Passley: Employed as: C/o, at Delaware Correctional Center, mailing address: 1181 Paddock Road, Smyrna Del 19977,

16.) Name: White: Employed as: C/o, at Delaware Correctional Center, mailing address: 1181 Paddock Road, Smyrna Del 19977

17.) Name: Canon: Employed as: C/o, at Delaware Correctional Center, mailing address: 1181 Paddock Road, Smyrna Del 19977

## IV. STATEMENT OF CLAIM

(State as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets of paper if necessary.)

1. On December 24, 2006 at approximately 7:50 A.M. Breakfast was called for A-tier in building 23, Plaintiff walked off the tier towards the tiers sliding doors where a crowd of inmates had formed.

2. C/o Jordan was at the back of the crowd confirming the head count of thirty eight inmates over his radio transmitter. After confirming the count C/o Jordan begin to order the crowd to "pack it in" to the area between the sliding doors.

3. Plaintiff complied with C/o Jordan order and enter the area, upon entering the area the inmates in the back of the crowd started hollering "move the fuck up" and began to push the crowd, the inmates in front began to holler back "ain't no fucken room," C/o Jordan began to holler "you've been getting in there, lets go pack it in."

## V. RELIEF

(State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.)

1. A) Issue a declaratory judgment stating that: The mental and physical injury suffered by the plaintiff due to all above name defendant's violated the plaintiff rights under the Eight and fourteenth Amendment to the United States Constitution and constituted deliberate indifference to Plaintiff's safety in violation of the Eighth Amendment.

3

4. After all the inmates had squeezed into the area the door was closed, thirty eight inmates were confined to this area, Approximately 20 feet in length and 7 feet in width, for approximately 3 to 4 minutes into the hall was clear of inmates.

5. While plaintiff was waiting on the door to open, the inmate in front of plaintiff turned around and looked plaintiff directly in the eyes and stated "I'll Kill him and take him to the moon," Plaintiff quickly realize this inmate was seriously Mentally ill, because the inmate continued to talk to him self and burst into a tantrum,

6. Plaintiff tryed to step backwards, so Plaintiff would not be hit by the mentally ill inmate, but do to the area in which plaintiff was confined, plaintiff's movement was restricted,

7. In the course of plaintiff stepping backwards, plaintiff stepped on inmate Jason E. Turner foot and sprained plaintiff's ankle, inmate Turner pushed plaintiff into inmate Victor Sanchez, Plaintiff became upset that inmate Turner pushed plaintiff and grabbed inmate Turner up by his collar, inmate Sanchez intervend and stated "Come on man it's not his fault were in here like this,"

8. After breakfast plaintiff went to C/O Jordan along with inmate Jason E. Turner and informed C/O Jordan plaintiff stepped on inmate Turner foot and sprained his ankle and would like to see the nurse, C/O Jordan told plaintiff to take a aspirin and started laughing, plaintiff then asked C/O Jordan to write an incident report concerning the incident C/O Jordan told plaintiff "if he didn't see it he couldn't write it up,"

9. After the shift had changed, approximately 9:15 A.M. plaintiff went to C/O Johnson and explained what had happened on the 12-8 Shift, then requested to see the nurse again, C/O Johnson informed the nurse of the incident and plaintiff was taken out to see the nurse, the nurse said plaintiff's ankle had swollen up and gave plaintiff something for the pain,

10. Long before this incident occurred plaintiff made numerous complaints to Sgt. Carter on the 12-8 Shift in building 23, concerning the dangerous safety and health hazards plaintiff was forced to face each morning when confined to this area, Sgt. Carter told plaintiff "this was jail and plaintiff better get use to it if plaintiff wanted to eat"

11. Plaintiff complained to 8-4 shift building Lt. Welcome concerning plaintiff's concern for plaintiff's safety and health under such hazardous conditions when order to squeeze into such a small area with such an overwhelming amount of inmates, Plaintiff was told by Lt. Welcome "he had no control over how 12-8 shift's building lieutenant ran breakfast,

12. Plaintiff complained to S/Lt. Profaci on the 8-4 shift concerning plaintiff concern for plaintiff's safety and health when confined with such an overwhelming amount of inmates in such a small area, S/Lt. Profaci stated "No one else is complaining," then asked, "Why are you"? Plaintiff informed S/Lt. Profaci, plaintiff was not concerned if the other inmates were complaining, plaintiff was concern about being order to squeeze into such a dangerous area and not having enough time to eat his meals, S/Lt Profaci told plaintiff "plaintiff had ten minutes from the time the last man in line sat down to finish plaintiff's food and that's not her policy to run the hole building a tier by tier "it doesn't happen on her shift,"

13. Plaintiff has filed numerous grievances between September 10, 2006 and December 2006, concerning his fear of being confined under such dangerous and unhealthy conditions long before this incident occurred, but the prison administration has fail to act and investigate or tryed to reduce the amount of inmates that occupies this area at one time on the 12-8 Shift,

14. Plaintiff filed sick call slips requesting to see the prison mental health psychologist long before this incident occurred, Due to the emotional distress plaintiff has been suffering caused by the constant threat plaintiff feels when confined to this area with such a overwhelming crowd of inmates,

## Claims for Relief

15. The actions of defendants caused mental and physical injury by confining the plaintiff in a area were plaintiff faced substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it, constituted cruel and unusual punishment in violation of the Eighth Amendment Right,

16. The failure of defendants to take disciplinary or other action to curb the substantial risk of serious harm under such hazardous condition constituted deliberate indifference and contributed to and proximately caused the above described violation of Eighth Amendment Rights and mental and physical injuries,

17. The refusal of C/o Jordan to admit plaintiff to the prison medical center for treatment of plaintiff's injury to plaintiff's ankle constitutes deliberate indifference to plaintiff medical need in violation of the Eighth Amedment of the United States Constitution,

2. B) Issue a Temporary Restraining order and a preliminary injunction ordering the defendant's to: 1) Immediately arrange for the 12-8 shift to reduce the over crowding between the sliding doors, 2) Immediately arrange for the plaintiff's ankle to be examined by a qualified physician 3) Immediately arrange for the fire Marshal to inspect the area and give his expert opinion on the capacity this area should hold.

3. C) 1) Award compensatory damages jointly and severally against defendant's for the mental and physical injuries sustained as a result of the plaintiff inhumane confinement, 2) Award punitive damages against defendant's,

D. Grant such other relief as it may appear that plaintiff is entitled.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __5__ day of __January__, 2_007_.

_Mr. Don J. Bass_
(Signature of Plaintiff 1)

_____
(Signature of Plaintiff 2)

_____
(Signature of Plaintiff 3)

4

## ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER

Upon the supporting affidavit of the plaintiff and accompanying memoradum of law, it is

ORDERED that defendants Warden. Carroll and Dep. Warden. Piercer, Dep. Warden. Burris, Security Chief. Holman, Capt. Burton show cause in room _____ of the United States Courthouse, _____ on the _____ day of _____, 2007, at _____ o'clock, why a preliminary injunction should not issue pursuant to Rule 65(a), Fed.R.Civ.P, enjoining the said defendants, their successors in office, agents and employees and all other persons acting in concern and participation with them, to provide a safe an humane condition of confinement in the area between the sliding doors in buildings MHU-21, MHU-22, MHU-23 by immediately arranging for the 12-8 shift officers to reduce the dangerous crowding of inmates into this area, pending a independent expert opinion by a state fire marshall concerning the capacity in which this area should hold.

It IS FURTHR ORDERED that effective immediately, to arrange for the plaintiffs ankle to be examined by a qualified physician

It IS FURTHR ORDERED that this order to Show Cause, and all other papers attached to this application, shall be served on defendants Warden. Carroll and Dep. Warden. Piercer, Dep. Warden. Burris, Security Chief. Holman, Capt. Burton by _____, 2007, and the United States Marshals service is hereby directed to effectuate such service.

Date:  _____                       _____
                                    United States District Judge

DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Donald F. Bass declares under penalty of perjury:

1. I am the plaintiff in this case. I make this declaration in support of my motion for a temporary restraining order and preliminary injunction to ensure that i receive safe and humane condition of confinement and the necessary medical care.

2. As set forth in the complaint in this case, December 24, 2006. I was order to squeeze into a over crowded area with other inmates and confined to that area for three to four minutes creating a severe safety and health hazard, resulting in the injury to my ankle.

3. The unnecessary over crowding of inmates in this area creates conditions inherently hazardous to the safety of me and every inmate confined to the area with the overwhelming crowd.

4. The over crowding of this area is above the normal capacity preventing the guard from seeing what's taking place inside the crowd of inmates.

5. The Delaware correctional facility is severly under staff, the over crowding of inmates to this area only takes place on the 12-8 shift, When the facility has the fews guards on duty and usually the guard working this area is working overtime.

6. The confinement in such a small area makes the crowd of inmates overwhelming creating dangerous conditions that are extremely stressful for me, I feel like i am under constant pressure, always looking for one of my enemy to take advantage of the situation and stab me,

7. There is always other inmates confined to this area with serious medical conditions that are hazardous to my health, some of these inmates demonstrate severe psychiatric problems other's demonstrate illnesses that can cause health problems for me, leaving me extremely paranoid,

8. The homosexuals and molester take advantage of the situation by making unwanted sexual advances towards other inmate confined under these conditions, And it's hard to avoid the contact because of the size of the area and the amount of inmates order into this area,

9. I've filed three grievances concerning the over crowding to this area long before this incident occurred, A short time after filing my first grievance a fight broke out in this area in building 2d and one of the inmate was cut with a razor,

10. My right ankle is stiff and painful, I cannot walk normally and my ankle does not have the full range of motion it had before it was sprained,

11. I am suffering irreparable harm in the form of continued physical and mental pain and suffering, and an increasing risk that i may be severely hurt under these condition, The question here is not if i will be hurt, The question here is "when" will i be hurt "again"?

12. For the reasons set forth in the memorandum of law filed with this motion, the plaintiff is entitled to a temporary restraining order requiring the defendant's to reduce the over crowding in the area between the slider in buildings MHU-21, MHU-22, MHU-23 and to arrange for an examination by a qualified physician, and to a preliminary injunction requiring the defendants to carry out those plans,

13. For the foregoing reasons, the court should grant the plaintiff's motion in all respects,

Pursuant to 28 U.S.C. 1746. I declare under penalty of perjury that the foregoing is true and correct.

Name  Donald F. Bass
Date  1-5-07

# MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ATRO AND PRELIMIARY INJUNCTION

## Statement of the Case

This is a civil right action brought under 42 U.S.C. §1983 by a state prisoner whose ankle was sprained when order into a area over crowded above the normal capacity and confined to that area, creating a severe safety and health hazard and presently being confined to the same area with an overwhelming crowd two time a day creating a danger for plaintiff's health and safety. The plaintiff seeks a temporary restraining order and a preliminary injunction to ensure the safety of plaintiff life and proper medical care.

## Statement of facts

As stated in the declaration submitted with this motion, the plaintiff was order into a over crowded area above the normal capacity were plaintiff's sprained his ankle. The plaintiff had filed numerous complaints concerning the danger of the over crowding of this area long before this incident occurred but the defendants fail to act and investigate or tryed to reduce the amount of inmate that occupies this area on the 12-8 shift. The over crowding of inmates in this area creates conditions inherently hazardous to the safety of the plaintiff and every other inmate confined to the area with such an overwhelming crowd. The plaintiff is experiencing contiuned pain, stiffness, and limited motion in his ankle and cannot walk properly.

The defendants against whom relief is sought are, respectively, the prison administrator, who is responsible for protecting the plaintiff from unreasonable risks arising from plaintiff's conditions of confinement.

## ARGUMENT

The Plaintiff Is Entitled To A Temporary Restraining Order And A Preliminary Injunction

In determining whether a party is entitled to a temporary restraining order or a preliminary injunction, courts generally consider several factor: whether the party will suffer irreparable injury, the "balance of hardships" between the parties, the likelihood of success on the merits, and the public interest. Each of these factors favors the grant of this motion.

A. The plaintiff is threatened with irreperable harm.

The plaintiff is alleging that he is being confined in an area above the normal capacity were he has suffered injury and continues to suffer an unreasonable risk of future harm and the Delaware Correctional Center prison administrator has fail to protect him, Such conduct by prison officials is a clear violation of the Eighth Amendment. Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed. 2d 271 (1991). (noting that "A prion official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment.

As a matter of law, the continuing deprivation of constitutional rights constitutes irreparable harm. Elrod v Burns, 427 U.S. 347, 373, 96 S.ct. 2673 (1976). This principle has bee applied in prison litigation generally, see Newsom v. Norris, 888 F.2d 371, 378 (6th Cir. 1989) Mitchell v. Cuomo, 748 F.2d 804, 806 (2d Cir. 1984) Albro v. County of Onondaga, N.Y., 627 F. Supp. 1280, 1287 (N.D.N.Y. 1986) Williams v. Lane, 646 F.Supp. 1379, 1409 (N.D.Ill. 1986), aff'd, 851 F.2d 867 (7th Cir. 1988), cert. denied, 109 S.Ct. 879 (1989), and specifically in prison medical care case. Phillips v. Michigan Dept. of Corrections, 731 F. Supp. 792, 801 (W.D.Mich. 1990), aff'd, 932 F.2d 969 (6th Cir. 1991).

In addition, the plaintiff is threatend with irreparable harm because plaintiff is being confined to the same area with a crowd above the normal capacity two times daily creating a severe safety and health hazard, and has been experiencing continued pain, stiffness, and limited motion in his ankle and cannot walk porperly. If he does not receive better humane conditions of confinement, he may loss his life or never walk normally again.

B. The balance of hardships favors the plaintiff

In deciding whether to grant TRO's and preliminary injunctions, courts ask whether the suffering of the moving party if the motion is denied will outweigh the suffering of the non-moving party if the motion is granted. See, e.g. Mitchell v. Cuomo, 748 F.2d 804, 808 (2d Cir. 1984) (holding that dangers posed by prison crowding outweighed state's financial and administrative concerns), Duran v. Anaya, 642 F.Supp. 510, 527 (D.N.M. 1986) (holding that prisoners interest in safety and medical care outweighed state's interest in saving money by cutting staff).

"In this case, the present suffering of the plaintiff and his potential suffering with the risk of losing his life or the permanent loss of normal usage of his ankle are enormous. The suffering the defendant's will experience if the court grants the order will consist of the security chief ordering the 12-8 shift to comply with correct procedure, a policy the defendant's already have in effect but are not following on the 12-8 shift, and to arrange for the plaintiff's ankle to be examined by a qualified physician, something that the defendant's do, and are obligated to do, for members of the prison population on a daily basis. The defendant's hardship amounts to no more then business as usual.

C. The plaintiff is likely to succeed on the merits.
The plaintiff has a great likelihood of success on the merits. What defendants have done – "denying humane conditions of confinement and medical treatment"– was specifically singled out by the Supreme Court as an example of unconstitutional "deliberate indifference" to prisoners who face substantial risk of serious harm. Wilson v. Seitier, 501 U.S. 294, 111 S.Ct 2321, 115 L.Ed.2d 271 (1991) Many other court have held that a prison officials "deliberate indifference" to a substantial risk of serious harm to an inmate violates the Eighth Amendment. See. Helling v. McKinney, 509 U.S. 25, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993).
A subjective approach to deliberate indifference does not require a prisoner seeking "a remedy for unsafe conditions to await a tragic event such as an actual assault before obtaining relief."

D. The relief sought will serve the public interest

In this case, the grant of relief will serve the public interest because it is always in the public interest for prison officials to obey the law. Duran v. Anaya, 642 F.Supp. 510, 527 (D.N.M. 1986) ("Respect for law, particularly by officials responsible for the administration of the state's correctional system, is in itself a matter of the highest public interest.") See also Llewelyn v. Oakland County Prosecutors Office, 402 F.Supp. 1379, 1393 (E.D. Mich. 1975) ("the Constitution is the ultimate expression of the public interest").

Point II

The Plaintiff Should Not Be Required To Post Security.

Usually a litigant who obtains interim injunctive relief is asked to post security. Rule 65(c), Fed.R.Civ.P. However, the plaintiff is an indigent prisoner and is unable to post security. The court has discretion to excuse an impoverished litigant from posting security. Orantes-Hernandez v. Smith, 541 F.Supp. 351, 385 n. 30 (C.D.Cal. 1982), J.L. v. Parham, 412 F.Supp. 112, 140 (D.Ga. 1976), rev'd on other grounds, 442 U.S. 584, 99 S.Ct. 2493 (1979) In view of the serious dangers confronting the plaintiff, the court should grant the relief requested without requiring the posting of security.

For the foregoing reasons, the court should grant the motion in its entirety.

Date: 1-5-07

Name: Donald F. Bess #187042
Delaware Correctional Center
1181 Paddock Road, Smyrna, Del 19977

I/M Donald Bess
SB# 182041   UNIT MHU-23
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

U.S.M.S.
X-RAY



Clerk, U.S. District Court
Lockbox 18
844 N. King Street
Wilmington, Del
   19801

Legal Mail