IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD F. BASS, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. Action No. 07-25-JJF |
| | : |
| THOMAS CARROLL, PIERCER, | : |
| BETTY BURRIS, SECURITY CHIEF | : |
| DAVID HOLMAN, CAPT. BURTON, | : |
| LT. RIDER, LT. WELCOME, | : |
| LT. PROFACI, IGC CPL. LISE | : |
| MERSON, SGT. CARTER, | : |
| SGT. GLICK, C/O DEBBIE SCOTT, | : |
| C/O JORDAN, C/O GAVIN, C/O | : |
| PASSLEY, C/O WHITE, and C/O | : |
| CANON, | : |
| | : |
| Defendants. | : |

Donald F. Bass, Pro se Plaintiff.

**MEMORANDUM OPINION**

May  , 2007
Wilmington, Delaware

**Farnan, District Judge**

Plaintiff Donald F. Bass ("Bass"), an inmate at the Delaware Correctional Center ("DCC"), filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 4.) Plaintiff attached to his Complaint a Motion For A Temporary Restraining Order And Preliminary Injunction that was inadvertently not docketed.

For the reasons discussed below, the Court will dismiss without prejudice all claims, save the claim filed against Defendant C/O Jordan, as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). The Court will deny the Motion For A Temporary Restraining Order And Preliminary Injunction.

**I.  THE COMPLAINT**

Plaintiff alleges that during breakfast call on December 24, 2006, Defendant C/O Jordan ("Jordan") ordered thirty-eight inmates to "pack it in" the area between sliding doors. (D.I. 2, ¶ 2.) Plaintiff was one of those inmates. He alleges that the area is approximately twenty feet long and seven feet wide and that the inmates are required to wait in the area until the dining hall is clear of inmates. Id. at ¶ 4. Plaintiff alleges that during this time his movements were restricted and when he tried to move away from a mentally ill inmate he sprained his

ankle. Id. at ¶ 5-7.

After breakfast Plaintiff advised Jordan of his injury and made a request to see the nurse, but Jordan did not allow Plaintiff to see the nurse. Id. at ¶ 8. Plaintiff's request was later honored by C/O Johnson. Id. at ¶ 9.

Plaintiff alleges that prior to the December 24th incident he complained to Defendant Sgt. Carter that the holding area was a safety and health hazard. Id. at ¶ 10. Plaintiff also complained to Defendants Lt. Welcome and Lt. Profaci. Id. at ¶¶ 10-11. Plaintiff alleges that he filed numerous grievances between September 10, 2006 and December 2006 concerning his fear of being confined in the holding area, but that the prison administration failed to act, investigate or try to reduce the amount of inmates that occupy the area at one time. Plaintiff further alleges that he filed sick call slips for mental health care due to the emotional distress he has suffered because of the constant threat he "feels when confined to the area with such a[n] overwhelming crowd of inmates." Id. at ¶ 14.

II. **STANDARD OF REVIEW**

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1)

provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

Pro se complaints are liberally construed in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-521 (1972). The Court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). An action is frivolous if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). Additionally, a pro se complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

### III. ANALYSIS

#### A. Personal Involvement

A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights

violations. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citing Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980); Hall v. Pennsylvania State Police, 570 F.2d 86, 89 (3d Cir. 1978)). Additionally, when bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

As is well established, supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Personal involvement can be shown through allegations that a defendant directed, had actual knowledge of, or acquiesced in, the deprivation of a plaintiff's constitutional rights. Id.; see Monell v. Department of Social Services, 436 U.S. 658, 694-95 (1978). Supervisory liability may attach if the supervisor implemented deficient policies and was deliberately indifferent to the resulting risk or the supervisor's actions and inactions were "the moving force" behind

the harm suffered by the plaintiff. Sample v. Diecks, 885 F.2d 1099, 1117-118 (3d Cir. 1989); see also City of Canton v. Harris, 489 U.S. 378 (1989); Heggenmiller v. Edna Mahan Corr. Inst. for Women, No. 04-1786, 128 Fed. Appx. 240 (3d Cir. 2005).

The Complaint does not contain any allegations directed towards Defendants Warden Thomas Carroll ("Carroll"), Deputy Warden Piercer ("Piercer"), Deputy Warden Betty Burris ("Burris"), Security Chief David Holman ("Holman"), Capt. Burton ("Burton"), Lt. Rider ("Rider"), IGC Cpl. Lise Merson ("Merson"), Sgt. Glick ("Glick"), C/O Debbie Scott ("Scott"), C/O Gavin ("Gavin"), C/O Passley ("Passley"), C/O White ("White") or C/O Canon ("Canon"). Indeed, Plaintiff does not associate any of his allegations with any of these Defendants. Hence, it is not clear which of these Defendants, if any, were personally involved or had any supervisory liability for Plaintiff's alleged constitutional deprivations. As a result, the Court will dismiss the claims against the foregoing Defendants as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) as they lack an arguable basis in law or in fact.

**B.  Conditions of Confinement**

Plaintiff alleges that the holding area where he is kept with other inmates waiting for entry into the dining hall is a safety and health hazard. He alleges he complained to Defendants Lt. Welcome ("Welcome"), Lt. Profaci ("Profaci"), and Sgt. Carter

("Carter") either before or after the December 24, 2006 occurrence. A condition of confinement violates the Eighth Amendment only if it is so reprehensible as to be deemed inhumane under contemporary standards or such that it deprives an inmate of minimal civilized measure of the necessities of life. See Hudson v. McMillian, 503 U.S. 1, 8 (1992); Wilson v. Seiter, 501 U.S. 294, 298 (1991). When an Eighth Amendment claim is brought against a prison official it must meet two requirements: (1) the deprivation alleged must be, objectively, sufficiently serious; and (2) the prison official must have been deliberately indifferent to the inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference is a subjective standard in that the prison official must actually have known or been aware of the excessive risk to inmate safety. Beers-Capitol v. Whetzel, 256 F.3d 120, 125 (3d Cir. 2001).

Here, Plaintiff complains of a daily three to four minute period of time when he is crowded into a confined space with other inmates while awaiting entry to the dining hall. The duration of the alleged violation is a particularly important factor to be considered in a conditions of confinement case. A filthy, overcrowded cell and a diet of 'gruel' might be tolerable for a few days and intolerably cruel for weeks or months," Hutto v. Finney, 437 U.S. 678, 686-87 (1978), but de minimis deprivations generally will not rise to violations of the Eighth

Amendment. See Hudson v. McMillian, 503 U.S. 1, 9-10 (1992) (excessive force claim); Roach v. Kliqman, 412 F.Supp. 521, 527 (E.D. Pa. 1976) (confinement in "cold and leaky" cell for short period of time does not violate Eighth Amendment); Morrison v. Clark, No. 84-4688 (E.D. Pa. Feb. 27, 1985) (confinement in unclean, insect infested cell for two days does not violate eighth amendment); Coopers v. Owens, No. 84-1608 (E.D. Pa. Feb. 7, 1985) (sleeping on bare floor of hallway for two days and short confinement in cell with broken windows do not violate eighth amendment).

Plaintiff is placed in an overcrowded condition for a very short time each day. While the Court is mindful that Plaintiff injured his ankle while in the holding area, his allegations do not give rise to an Eighth Amendment conditions of confinement claim. Therefore, the Court will dismiss the claims against Defendants Welcome, Profaci, and Carter as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) as they lack an arguable basis in law or in fact.

IV.   **INJUNCTIVE RELIEF**

Attached to Plaintiff's Complaint is a Motion For A Temporary Restraining Order And Preliminary Injunction. Plaintiff moves the Court to Order Defendants to arrange for corrections officers to reduce the crowding of inmates into the holding cell area as discussed hereinabove. He also asks the

Court to arrange for a medical examination by a qualified physician.

When considering a motion for a temporary restraining order or preliminary injunction, the Court determines: (1) the likelihood of success on the merits; (2) the extent to which the Plaintiff is being irreparably harmed by the conduct complained of; (3) the balancing of the hardships to the respective parties; and (4) the public interest. <u>Kos Pharmaceuticals, Inc. v. Andrx Corp.</u>, 369 F.3d 700, 708 (3d Cir. 2004)(citation omitted). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" <u>Id</u>. (citations omitted). It is Plaintiff's burden, in seeking injunctive relief, to show a likelihood of success on the merits. <u>Campbell Soup Co. v. ConAgra, Inc.</u>, 977 F.2d 86, 90 (3d Cir. 1992).

As to the overcrowding issue, Plaintiff cannot meet his burden to show a likelihood of success on the merits. This is particularly true in light of the fact that the Court will dismiss all such claims as frivolous. As to his request for medical attention, at this juncture, Plaintiff's filings also do not indicate he can show a likelihood of success on the merits. Plaintiff alleges that after C/O Jordan refused him medical attention, he went to C/O Johnson who informed a nurse that Plaintiff was injured. (D.I. 2, ¶ 8, 9.) At that time Plaintiff

-8-

was examined and treated by the nurse and received medical care. Accordingly, the Court will deny the Motion For A Temporary Restraining Order And Preliminary Injunction.

## V.  CONCLUSION

For the reasons discussed above, the Court will dismiss the claims against all Defendants, save C/O Jordan, without prejudice for failure to state a claim upon which relief may be granted and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).  The Court will allow Plaintiff to proceed with his medical needs claim against Defendant C/O Jordan.  The Court will deny Plaintiff's Motion For A Temporary Restraining Order And Preliminary Injunction.  An appropriate Order will be entered.