CLD-367

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-2669

DONALD F. BASS, Appellant

v.

THOMAS CARROLL; PIERCER; BETTY BURRIS;
SECURITY CHIEF DAVID HOLMAN; Capt. BURTON; Lt. RIDER;
Lt. WELCOME; Lt. PROFACI; IGC Cpl. LISA M. MERSON;
Sgt. CARTER; Sgt. GLICK; C/O DEBBIE SCOTT; C/O JORDAN;
C/O GAVIN; C/O PASSLEY; C/O WHITE; C/O CANON

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civ. No. 07-cv-00025)
District Judge: Honorable Joseph J. Farnan, Jr.

Submitted For Possible Dismissal Due to a Jurisdictional Defect, Possible Dismissal
Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
August 30, 2007

Before:    RENDELL, SMITH AND JORDAN, CIRCUIT JUDGES.

**JUDGMENT**

This cause came on to be heard on the record from the United States District Court

for the District of Delaware and was submitted for possible dismissal due to a

1

jurisdictional defect, possible dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary action under Third Circuit LAR 27.4 and I.O.P. 10.6. On consideration whereof, it is now here

ORDERED AND ADJUDGED by this Court that the judgment of the District Court entered May 3, 2007, denying Appellant's motion for a preliminary injunction, be and the same is hereby affirmed. In all other respects, the appeal is dismissed for lack of appellate jurisdiction. All of the above in accordance with the opinion of this Court.

ATTEST:

/s/Marcia S. Waldron

Clerk

DATED: October 16, 2007
smw/cc:   Mr. Donald F. Bass
          Erica Y. Tross, Esq.

A True Copy:

*Marcia M. Waldron*

Marcia M. Waldron, Clerk

Certified as a true copy and issued in lieu of a formal mandate on 11/7/07   *TMW*

*Marcia M. Waldron*

Teste:
Clerk, U.S. Court of Appeals for the Third Circuit

CLD-367                                                         **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-2669
_____

DONALD F. BASS,

Appellant

v.

THOMAS CARROLL; PIERCER; BETTY BURRIS;
SECURITY CHIEF DAVID HOLMAN; Capt. BURTON; Lt. RIDER;
Lt. WELCOME; Lt. PROFACI; IGC Cpl. LISA M. MERSON;
Sgt. CARTER; Sgt. GLICK; C/O DEBBIE SCOTT; C/O JORDAN;
C/O GAVIN; C/O PASSLEY; C/O WHITE; C/O CANON

_____

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civ. No. 07-cv-00025)
District Judge: Honorable Joseph J. Farnan, Jr.
_____

Submitted For Possible Dismissal Due to a Jurisdictional Defect, Possible Dismissal
Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
August 30, 2007

Before:    RENDELL, SMITH AND JORDAN, <u>CIRCUIT JUDGES</u>.

Filed: October 16, 2007

_____

OPINION

_____

PER CURIAM

    Donald Bass, proceeding pro se, appeals from an order of the United States District Court for the District of Delaware which dismissed all of Appellant's claims, save one, pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. The District Court's order also denied his motion for a preliminary injunction. We will dismiss this appeal in part for lack of jurisdiction and summarily affirm the District Court's order in part.

    Bass filed a civil rights action against numerous prison officials and employees claiming constitutional violations arising from mismanagement of the prison population and deliberate indifference to his medical needs. In addition to monetary damages, Bass seeks injunctive relief to alleviate the overcrowding conditions and to address his medical needs.

    We have jurisdiction over appeals from all final decisions of the district courts. 28 U.S.C. § 1291. The rule of finality requires that the judgment be final as to all parties and all causes of action. Mellon Bank, N.A. v. Metro Commc'ns, Inc., 945 F.2d 635, 640 (3d Cir. 1991). Bass seeks to appeal from an order dismissing some, but not all, of the claims in his case. Because a final order has not been entered as to all parties and all causes of action, and the District Court has not certified its May 2007 order under Fed. R. Civ. P.

2

54(b), we lack jurisdiction to review the partial dismissal of the complaint.

We have jurisdiction, however, over appeals from interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." 28 U.S.C. § 1292(a)(1). "A district court's denial of a preliminary injunction will be affirmed unless the court abused its discretion, committed an obvious error of law, or made a serious mistake in considering the proof." Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992). If an appeal presents no substantial question we will summarily affirm the district court's order. See Third Circuit I.O.P. 10.6.

A preliminary injunction is an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest. See e.g., NutraSweet Co. v. Vit-Mar Enters., Inc., 176 F.3d 151, 153 (3d Cir. 1999). A plaintiff's failure to establish any element in his favor renders a preliminary injunction inappropriate. See id. Furthermore, a request for injunctive relief in the prison context must be viewed with great caution because of the intractable problems of prison administration. See Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995).

Bass's motion asserts that he is entitled to a preliminary injunction because of the prison employees' practice of temporarily holding inmates in a twenty-foot by seven-foot

confined area prior to entering the cafeteria. More specifically, Bass alleges that on December 24, 2006, prior to entering the cafeteria for breakfast, thirty-eight inmates were ordered by Appellee Jordan to "pack it in" to the holding area. Bass alleges that, while in the holding area, in an attempt to move away from a mentally ill inmate, he sprained his ankle by stepping on another inmate's foot. Bass allegedly reported the incident to Appellee Jordan and requested medical treatment. Appellee Jordan allegedly refused Bass's request for medical treatment. After presenting his request to another correctional officer, Bass was permitted to visit a nurse, who examined his ankle and gave him medication to help alleviate the pain. Bass asserts that he is entitled to a preliminary injunction because of the dangerous and unhealthy conditions present in the holding area. He also seeks a preliminary injunction ordering prison officials to provide him with a medical examination by a qualified physician.

In denying Bass's request for a preliminary injunction, the District Court concluded that Bass failed to meet his burden of showing a likelihood of success on the merits. We agree. Routine discomfort in prison is part of the penalty that inmates pay for their offenses, and only those extreme deprivations that deny the minimal civilized measure of life's necessities are sufficiently grave to form the basis for a claim of cruel and unusual punishment. Hudson v. McMillian, 503 U.S. 1, 9 (1992); Hassine v. Jeffes, 846 F.2d 169, 175 (3d Cir. 1988). Bass's allegation of overcrowding in a holding area for a few minutes per day, without more, is insufficient to satisfy his burden of demonstrating a likelihood of success on the merits. Cf. U.S. ex rel. Tyrrell v. Speaker, 471 F.2d 1197,

1202 (3d Cir. 1973) (stating conditions such as inadequate heating in an inmate's cell and an inmate's constant confinement to his cell except for meals, showers, and short exercise periods, do not present the extreme type of conditions required to establish an Eighth Amendment violation). Furthermore, Bass has already received medical treatment for his injury, and his motion fails to demonstrate how he will be irreparably harmed if he is not immediately treated by a physician. Accordingly, we conclude that the District Court did not abuse its discretion in denying Bass's request for a preliminary injunction.

Because this appeal presents no substantial question, we will summarily affirm the portion of the District Court's order denying Appellant's motion for a preliminary injunction. See Third Circuit LAR 27.4 and I.O.P. 10.6. To the extent that Appellant seeks to appeal the portion of the District Court's order dismissing his complaint in part pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 28 U.S.C. § 1915A(b)(1), we will dismiss the appeal for lack of appellate jurisdiction.