IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DONALD F. BASS,                  :
                                 :
        Plaintiff,               :
                                 :
    v.                           :  Civ. Action No. 07-25-JJF
                                 :
C/O JORDAN,                      :
                                 :
        Defendant.               :

Donald F. Bass, Pro se Plaintiff.

Erika Yvonne Tross, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Attorney for Defendant C/O Jordan.

**MEMORANDUM OPINION**

November 29, 2007
Wilmington, Delaware

Joseph J. Farnan Jr.
Farnan, District Judge

    Plaintiff Donald F. Bass ("Bass"), an inmate at the Delaware Correctional Center ("DCC"), filed a Complaint pursuant to 42 U.S.C. § 1983 alleging conditions of confinement and medical needs Eighth Amendment violations. (D.I. 2.) On May 1, 2007, the Court dismissed all claims and Defendants with the exception of the claim raised against C/O Jordan ("Jordan"). (D.I. 9, 10.) Jordan was served on July 26, 2007. (D.I. 17.) On July 27, 2007, Plaintiff filed the pending Motion For Leave To File An Amended Complaint. (D.I. 16.) Jordan filed his Answer to the Complaint on August 15, 2007. (D.I. 19.) For the reasons discussed below, the Court will direct the Clerk of the Court to file instanter the Amended Complaint, will deny as moot the Motion For Leave To File An Amended Complaint and will dismiss without prejudice all claims, save the claim against Defendant C/O Jordan, as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## I. BACKGROUND

    The facts as alleged in the original Complaint are discussed in detail in the Court's May 1, 2007 Memorandum Opinion. (D.I. 9.) The Court dismissed all Defendants except for Jordan inasmuch as the Complaint did not contain any allegations directed toward Defendants Warden Thomas Carroll ("Carroll"),

Deputy Warden Piercer ("Piercer"), Deputy Warden Betty Burris ("Burris"), Security Chief David Holman ("Holman"), Capt. Burton ("Burton"), Lt. Rider ("Rider"), IGC Cpl. Lise Merson ("Merson"), Sgt. Glick ("Glick"), C/O Debbie Scott ("Scott"), C/O Gavin ("Gavin"), C/O Passley ("Passley"), C/O White ("White") or C/O Canon ("Canon"). The Court also dismissed the conditions of confinement claim against Defendants Lt. Welcome ("Welcome"), Lt. Profaci ("Profaci"), and Sgt. Carter ("Carter") finding that the conditions complained of by Plaintiff occurred for only a short period of time each day and, hence, did not give rise to an Eighth Amendment violation. Plaintiff filed the Amended Complaint in an attempt to correct the pleading deficiencies and to add new claims. (D.I. 16.)

The Amended Complaint renames as Defendants many of the Defendants previously dismissed by the Court. It also names as new Defendants Travis Branch ("Branch"), Sgt. Dymowski ("Dymowski"), C/O Stevens ("Stevens"), and C/O Knowles ("Knowles"). The Amended Complaint contains basically the same allegations as in the original Complaint, but with more detail of events occurring prior to Plaintiff's injury on December 24, 2006. Plaintiff also alleges that on certain occasions he was not given sufficient time to eat all his food. He further complains that DCC employees either do not follow prison policies or do not follow them in a similar manner. Finally, the Amended

Complaint alleges that on April 19, 2007, a banana was taken from Plaintiff, and he was escorted from the chow hall without eating. Plaintiff filed a grievance regarding the matter asking for compensation and a "copy of DOC procedures forbidding him from being fed as a form of punishment." (Am. Compl. ¶ 84.) The grievance chairperson sent the grievance back with the noting that the "IGC does not award monetary damages." Id. at ¶ 85.

## II. STANDARD

Plaintiff was not required to file a motion to amend his complaint. "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served", Fed. R. Civ. P. 15(a), and at the time Plaintiff filed his Motion, a responsive pleading had not been served. Therefore, the Court will deny as moot the Motion To Amend, will direct the Clerk of the Court to file the Amended Complaint instanter, and will proceed to screen the Amended Complaint.

When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court. Section 1915A(b)(1) provides that the court may dismiss a Complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams,


490 U.S. 319, 325 (1989).

In performing its screening function, the Court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Fullman v. Pennsylvania Dep't of Corr., C.A. No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v Colley, 230 F.3d 1027, 1029 (7th Cir. 2000). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, -U.S.-, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). However,

fantastical or delusional claims that are clearly baseless are insufficient to withstand the Court's evaluation for frivolity dismissal under § 1915(e)(2)(B)(i). See Denton v. Hernandez, 504 U.S. 5, 33 (1992); Neitzke v. Williams, 490 U.S. 319, 327 (1989). Because Plaintiff proceeds pro se, his pleading is liberally construed and his Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

### III. DISCUSSION

#### A. Conditions of Confinement

The Amended Complaint contains additional facts in an effort to state a conditions of confinement claim under the Eighth Amendment. Despite the newly added facts, the Amended Complaint fails to state such a claim. Plaintiff complains of a daily three to four minute period of time when he is crowded into a confined space with other inmates while awaiting entry to the dining hall. He also complains that on different occasions he was not given sufficient time to eat his food.

As discussed in the May 1, 2007 Memorandum Opinion, the duration of an alleged constitutional violation is a particularly important factor to be considered in a conditions of confinement case. Indeed, de minimis deprivations generally will not rise to violations of the Eighth Amendment. See Hudson v. McMillian, 503

U.S. 1, 9-10 (1992) (excessive force claim); <u>Roach v. Kliqman</u>, 412 F.Supp. 521, 527 (E.D. Pa. 1976) (confinement in "cold and leaky" cell for short period of time does not violate Eighth Amendment); <u>Morrison v. Clark</u>, No. 84-4688 (E.D. Pa. Feb. 27, 1985) (confinement in unclean, insect infested cell for two days does not violate eighth amendment); <u>Coopers v. Owens</u>, No. 84-1608 (E.D. Pa. Feb. 7, 1985) (sleeping on bare floor of hallway for two days and short confinement in cell with broken windows do not violate eighth amendment).

Plaintiff is not subjected to long periods of time in a confined space. Nor is the time he is given to eat his food routinely shortened but, rather, happens randomly. Based upon the foregoing, the Court will dismiss the conditions of confinement claim as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) as they lack an arguable basis in law or in fact.

**B. Personal Involvement/Supervisory Liability**

In its May 1, 2007, Memorandum Opinion and Order the Court dismissed many of the Defendants because the Complaint did not contain any allegations directed towards them. Plaintiff attempts to remedy the pleading deficiency in the Amended Complaint.

Plaintiff is required to provide the grounds of his entitlement to relief. He is also is required to allege more

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Plaintiff's general allegations against Defendants Carroll, Piercer, Burris, Holman, Burton, Rider, Merson, Glick, Gavin, Passley, White, Carter, Canon, Welcome, Profaci, Jordan, Welcome, Branch, Dymowski, Knowles, and Stevens found at paragraphs 86, 87, and 89 of the Amended Complaint are nothing more than labels and legal terminology. The claims are frivolous and the Court will dismiss them to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### C.  Grievance Procedure

Plaintiff also attempts to allege that his constitutional rights were violated when he submitted a grievance after a banana was taken from him and he was escorted from the chow hall without eating. (Am. Compl. ¶ 82.) The grievance was returned stating that "IGC does not award monetary damages." Id. at ¶¶ 82-85.

The filing of a prison grievance is a constitutionally protected activity. Robinson v. Taylor, No. 05-4492, 2006 WL 3203900, at *1 (3d Cir. Nov. 7, 2006). Although prisoners have a constitutional right to seek redress of grievances as part of their right of access to courts, this right is not compromised by the failure of prison officials to address these grievances. Booth v. King, 346 F. Supp. 2d 751, 761 (E.D. Pa. 2004). This is because inmates do not have a constitutionally protected right to a grievance procedure. Burnside v. Moser, No. 04-4713, 138 Fed.

Appx. 414, 416 (3d Cir. 2005) (citations omitted)(failure of prison officials to process administrative grievance did not amount to a constitutional violation). Nor does the existence of a grievance procedure confer prison inmates with any substantive constitutional rights. Hoover v. Watson, 886 F. Supp. 410, 418-419 (D. Del.), aff'd 74 F.3d 1226 (3d Cir. 1995). Plaintiff cannot maintain a constitutional claim based upon his perception that his grievance was not properly processed or that the grievance process is inadequate. Therefore, the allegations of unconstitutional conduct relating to the grievance he submitted is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**IV.  CONCLUSION**

For the reasons discussed above, the Clerk of the Court shall filed the Amended Complaint instanter. The Court will deny as moot the Motion For Leave To File An Amended Complaint. The Court will dismiss the claims against all Defendants named in the Amended Complaint, save C/O Jordan, without prejudice for failure to state a claim upon which relief may be granted and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Defendant C/O Jordan shall file an Answer to the Amended Complaint within the time provided by the Federal Rules of Civil Procedure. An appropriate Order will be entered.