IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD F. BASS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Civil Action No. 07-025-JJF |
| v. | ) |
| | ) Jury Trial Requested |
| | ) |
| CORRECTIONAL OFFICER JORDAN, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S ANSWER TO**
**PLAINTIFF'S AMENDED COMPLAINT [RE:  D.I. 23]**

COMES NOW, Defendant Correctional Officer Jordan ("Defendant"), by and through his undersigned counsel, and hereby responds to the numbered paragraphs of Plaintiff Donald F. Bass's ("Plaintiff") Amended Complaint, dated July 24, 2007 and filed November 29, 2007 (D.I. 23) (the "Amended Complaint"), as follows:

1. Defendant admits that on December 24, 2006, Plaintiff was an inmate incarcerated at the Delaware Correctional Center, Smyrna, Delaware.

2. Defendant admits that on December 24, 2006 he was employed by the Delaware Department of Correction as a Correctional Officer at the Delaware Correctional Center.  The remainder of Paragraph 2 is directed to individuals who are no longer defendants in this action.

3. Paragraph 3 is directed to an individual who is no longer a defendant in this action, therefore no response is required.

4. Paragraph 4 is directed to individuals who are no longer defendants in this action, therefore no response is required.

5. Paragraph 5 is directed to individuals who are no longer defendants in this action, therefore no response is required.

6. Paragraph 6 is directed to an individual who is no longer a defendant in this action, therefore no response is required.

7. Paragraph 7 is directed to an individual who is no longer a defendant in this action, therefore no response is required.

8. Paragraph 8 is directed to an individual who is no longer a defendant in this action, therefore no response is required.

9. Paragraph 9 is directed to an individual who is no longer a defendant in this action, therefore no response is required.

10. Paragraph 10 is directed to an individual who is no longer a defendant in this action, therefore no response is required.

11. Paragraph 11 is directed to an individual who is no longer a defendant in this action, therefore no response is required.

12. Paragraph 12 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies that he violated Plaintiff's constitutional rights.

**Facts**

13. Defendant admits that Plaintiff was housed in Building 23 on December 24, 2006.

Paragraphs 14. – 73.  The allegations of paragraphs 14 through 73 of the Amended Complaint are directed to issues that were dismissed by the Court as frivolous, therefore no response is required.  To the extent a response is required, Defendant denies that he violated Plaintiff's constitutional rights.

74.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 74 of the Amended Complaint and, therefore, denies same.

75.    The allegations of paragraph 75 of the Amended Complaint are denied.

76.    The allegations of paragraph 76 of the Amended Complaint are denied.

77.    The allegations of paragraph 77 of the Amended Complaint are denied.

78.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 78 of the Amended Complaint and, therefore, denies same.

79.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 79 of the Amended Complaint and, therefore, denies same.

80.    The allegations of paragraph 80 of the Amended Complaint are denied.

81.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 81 of the Amended Complaint and, therefore, denies same.

Paragraphs 82. – 85.  The allegations of paragraphs 82 through 85 of the Amended Complaint are directed to issues that were dismissed by the Court as frivolous,

therefore no response is required. To the extent a response is required, Defendant denies that he violated Plaintiff's constitutional rights.

86. Paragraph 86 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies that he violated Plaintiff's constitutional rights.

87. Paragraph 87 is directed to individuals who are no longer defendants in this action.

88. Paragraph 88 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies that he violated Plaintiff's constitutional rights.

89. Paragraph 89 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies that he violated Plaintiff's constitutional rights.

**RELIEF**

Defendant specifically denies that Plaintiff is entitled to any relief or damages, including injunctive relief, compensatory damages, punitive damages, costs and/or attorneys' fees.

**DEFENSES AND AFFIRMATIVE DEFENSES**

1. The Amended Complaint fails to state claims upon which relief may be granted.

2. The action and all claims are barred by Eleventh Amendment immunity.

3. As to any claims against the State or against Defendant in his official capacity, Defendant and the State are protected from liability by the doctrine of sovereign

immunity.

4. Officials and employees of the State of Delaware acting in good faith within the scope of their employment and without knowingly violating well established federal rights, are entitled to qualified immunity and cannot be held liable in this action.

5. Defendant, in his official capacity, is not liable for alleged violations of Plaintiff's constitutional rights as he is not a "person" within the meaning of 42 *U.S.C.* § 1983.

6. As to any claims sounding in state law, Defendant is immune from liability under the State Tort Claims Act, 10 Del. C. §4001 *et seq.*

7. To the extent Plaintiff seeks to hold Defendant liable based on supervisory responsibilities, the Doctrine of Respondeat Superior or vicarious liability is not a basis for liability in an action under 42 *U.S.C.* § 1983.

8. This action and all claims are barred, in whole or in part, by the applicable statute of limitations or any other statutorily required administrative time requirement.

9. Plaintiff has failed to exhaust his administrative remedies, including but not limited to, remedies pursuant to 42 *U.S.C.* § 1997a(e).

10. Defendant cannot be held liable in the absence of personal involvement for alleged constitutional deprivations.

11. To the extent Plaintiff's claims sound in negligence, Plaintiff cannot state a cause of action under 42 *U.S.C.* § 1983.

12. The Plaintiff's claims are barred by his contributory negligence.

13. Plaintiff fails to state a claim against Defendant for failure to train and maintenance of wrongful customs, practices and policies.

14. Plaintiff fails to state a claim against Defendant for violation of the Eighth Amendment.

15. Plaintiff's injuries and damages, if any, resulted from an intervening and superseding cause.

16. Plaintiff's own conduct proximately caused and/or exacerbated his injuries, if any.

17. Insufficiency of service of process.

18. Insufficiency of process.

19. Lack of jurisdiction over the person and subject matter.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302)577-8400
Attorney for Defendant C/O Jordan

Dated: December 3, 2007

# CERTIFICATE OF SERVICE

I, Erika Y. Tross, Esq., hereby certify that on December 3, 2007, I caused a true and correct copy of the attached *Defendant's Answer to Plaintiff's Amended Complaint [Re: D.I. 23]* to be served on the following individual in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

Donald F. Bass, Inmate
SBI # 187042
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**MANNER OF DELIVERY:**

___ One true copy by facsimile transmission to each recipient

✓ Two true copies by first class mail, postage prepaid, to each recipient

___ Two true copies by Federal Express

___ Two true copies by hand delivery to each recipient

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400